# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| ANTHONY A. HARRIS, | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 19-00856-KD-B |
| WARDEN HETRICK, *et al.*, | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Anthony A. Harris filed the instant action seeking relief under 42 U.S.C. § 1983 while he was incarcerated at the Escambia County Detention Center ("ECDC") in Brewton, Alabama. (Docs. 1, 5). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. For the reasons set forth below, the undersigned recommends that this action be **DISMISSED without prejudice** due to Harris's failure to prosecute and obey the Court's orders.

When he initiated this action on October 13, 2019,[1] Harris did not file his complaint using this Court's required form for prisoner actions under 42 U.S.C. § 1983. Accordingly, the

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's complaint is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001). (See Doc. 1 at 12-13).

undersigned ordered Harris to file his complaint on this Court's current form for § 1983 prisoner actions. (Doc. 4 at 1). In the order, the undersigned cautioned Harris that his failure to notify the Court of a change in address would result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's order.[2] (Id.).

At the time he initiated this lawsuit on October 13, 2019, Harris had been incarcerated at ECDC since October 6, 2019 for failure to appear to pay fines on two misdemeanor offenses. (Doc. 1 at 2-3; see also Doc. 5 at 11). All of Harris's subsequent filings in this action, including his most recent filing dated December 1, 2019, reflected that Harris was still incarcerated at ECDC. (See Docs. 5, 6, 8, 10). On March 4, 2020, the Court entered an order denying Harris's motion to proceed without prepayment of fees as incomplete, and granting Harris leave to file a complete motion to proceed without prepayment of fees or pay the $400.00 statutory filing fee by April 6, 2020. (Doc. 14).

The Court's order was mailed to Harris at ECDC, Harris's last and only known address. On March 16, 2020, the order was returned

---

[2] This Court's § 1983 prisoner complaint form also specifically warns: "PLAINTIFF SHALL IMMEDIATELY ADVISE THE COURT IN WRITING OF ANY CHANGE IN ADDRESS, E.G., RELEASED, TRANSFERRED, MOVED, ETC. FAILURE TO NOTIFY THE COURT OF A NEW ADDRESS WILL RESULT IN THE DISMISSAL OF THIS ACTION FOR FAILURE TO PROSECUTE AND TO OBEY THE COURT'S ORDER." (See Doc. 5 at 12).

2

to the Clerk as undeliverable, with the following notation: "RETURN TO SENDER." (Doc. 15). A search of the Alabama Department of Corrections website revealed that Harris is not in its custody. Nor does the Court have a free-world address on file for him. Despite the fact that he is apparently no longer incarcerated at ECDC, Harris has not provided the Court with an updated address, in violation of this Court's specific directives. Because Harris has neglected to keep the Court apprised of his current address, the Court has no means by which to communicate with him and surmises that he has lost interest in this action.

A court may dismiss an action *sua sponte* under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to prosecute or obey a court order. Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (citing Fed. R. Civ. P. 41(b) and Lopez v. Aransas Cnty. Indep. Sch. Dist., 570 F.2d 541, 544 (5th Cir. 1978)).[3] "In addition to its power under Rule 41(b), a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (citing Link v. Wabash R.R., 370 U.S. 626, 630–31 (1962)). To dismiss an action with prejudice for failure to

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

3

prosecute, comply with the Federal Rules of Civil Procedure, or follow a court order, the court must find "a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1339 (11th Cir. 2005).

In light of the circumstances described above, and upon consideration of the alternatives that are available to the Court, it is recommended that this action be **DISMISSED without prejudice** pursuant to Rule 41(b) due to Harris' failure to prosecute and his willful failure to obey the Court's orders to notify the Court immediately of any change in address, as no lesser sanction will suffice.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on

4

unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **May, 2020.**

                                       **/s/ SONJA F. BIVINS**
                         **UNITED STATES MAGISTRATE JUDGE**